UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE BURNS,<br><br>                      Plaintiff,<br><br>-against-<br><br>COURT OFFICERS AND BAILIFFS<br>BIANCHI AND VARGAS,<br><br>                      Defendants. | 1:25-CV-5802 (LTS)<br><br>ORDER OF DISMISSAL UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff George Burns, who commenced this action while held in the Westchester County Jail, but appears to be currently incarcerated in the Elmira Correctional Facility, brings this action *pro se*. He has neither paid the fees to bring this action, nor filed a request to proceed *in forma pauperis* ("IFP"). Plaintiff has filed, however, a prisoner authorization, which allows his facility's officials, should he be granted IFP status by the court, to disburse the $350 filing fee to the Clerk of Court in installments, pursuant to 28 U.S.C. § 1915(b).[1] (ECF 2.) Thus, the Court regards Plaintiff as seeking to proceed IFP in this action.

      Plaintiff has been recognized as being barred, however, from filing any new federal civil action IFP while he is a prisoner. *See Burns v. Schell*, No. 1:20-CV-5582 (LLS), 2020 WL 6365556 (S.D.N.Y. Oct. 28, 2020), *aff'd*, No. 20-3883, 2023 WL 1113215 (2d Cir. Jan. 31, 2023) (summary order). The court, in *Burns*, 2020 WL 6365556, at *4, recognized Plaintiff as barred under the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an

---

[1] In his complaint, Plaintiff requests to proceed IFP. (ECF 1-1, at 3.)

action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although Plaintiff has filed this new federal civil action seeking IFP status, his complaint does not show that he was under imminent danger of serious physical injury at the time that he filed it.[1] Instead, Plaintiff, who alleges that he gave his complaint to his facility's officials for its mailing to the court on July 7, 2025 (ECF 1, at 6), also alleges that, on June 10 and 17, 2025, at a courthouse, the defendants, who are alleged to be court officers and/or bailiffs, physically prevented Plaintiff from speaking in court (*Id.* at 4-5; ECF 1-1, at 1-3). He is therefore barred, under Section 1915(g), from bringing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses this action without prejudice, pursuant to the PLRA's "three-strikes" provision.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent danger of serious physical injury at the time that he files his complaint.[3] *Id.*

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new federal civil action by paying the relevant fees. If Plaintiff does so, his complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the relevant fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 228-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated: August 27, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge